## BRIDGET KAVANAGH

v.

## VERMONT SAVINGS BANK.

### MAY TERM, 1896.

*Savings Bank. Deposits in the name of another. V. S., s. 4089.*

The plaintiff deposited certain sums of money in defendant Savings Bank and took a deposit book in the name of Mary Kavanagh. This book plaintiff subsequently kept in her possession. Mary Kavanagh upon request of the plaintiff declined to transfer the account to the plaintiff and the plaintiff thereupon brought this suit. *Held*, that the case should be remanded to the county court and that Mary Kavanagh should be made a party under V. S., 4086, so that the judgment might conclusively determine the rights of all parties interested.

General assumpsit. Plea, the general issue. Trial by

jury at the September term, 1895, Windham county, TYLER, J., presiding. Verdict and judgment for the defendant. The plaintiff excepts.

*Haskins & Stoddard* for the defendant.

The money deposited belonged to the plaintiff. The fact that she deposited it in the name of Mary Kavanagh, retaining the book in her own possession and control, did not amount to a gift to Mary. If the defendant has the plaintiff's money, she may maintain suit for it. *Broderick* v. *Waltham Savings Bank*, 109 Mass. 149; *Sherman* v. *New Bedford Savings Bank*, 138 Mass, 581; *Scott* v. *Berkshire Savings Bank*, 140 Mass. 158; *Booth* v. *Bristol County Savings Bank*, 162 Mass. 456; *Kennebec Savings Bank* v. *Fogg*, 83 Me. 374: *Davis* v. *Lenawee County Savings Bank*, 53 Mich. 163; *Robinson* v. *Ring*, 72 Me. 140; *Beaver* v. *Beaver*, 117 N. Y. 421; *Pope* v. *Burlington Savings Bank*, 56 Vt. 284; 2 Greenl., Ev., s. 117.

*Waterman, Martin & Hitt* for the defendant.

The Savings Bank is liable to its depositor upon the contract under which the deposit is made and in no other way. The defendant made a contract with Mary Kavanagh but has never made a contract with the plaintiff, therefore the plaintiff cannot maintain an action in her own name. *Pope* v. *Burlington Savings Bank*, 56 Vt. 284; 17 Am. and Eng. Enc. of Law, 505; *Dix* v. *M. I. Co.*, 22 Ill. 272; *Whitwell* v. *Winslow*, 134 Mass. 343.

The deposit in the name of Mary Kavanagh worked a perfected gift or created an irrevocable trust in her favor. *Howard* v. *Savings Bank*, 40 Vt. 597; *Conn. River Savings Bank* v. *Administrator of Allbee*, 64 Vt. 571.

MUNSON, J. The plaintiff deposited certain sums of her

own money with the defendant in the name of Mary Kavanagh, which were credited in a book issued in the name of Mary Kavanagh and delivered to the plaintiff. Under the date on which the first of these deposits was made, the name of Mary Kavanagh appears in a book kept by the bank, in which depositors were required to sign their names when making their first deposit. It is found that the plaintiff always kept the deposit book in her possession and under her control, but it nevertheless appears that Mary Kavanagh once presented the book and drew a portion of the deposit. Some years after this, the plaintiff requested Mary Kavanagh to sign a transfer of the account to her, which she refused to do. The plaintiff brings this suit to recover the amount due on the book, and the bank defends on the ground that its contract is with Mary Kavanagh. The judgment below was for the defendant. An affirmance of this judgment might embarrass the plaintiff in the enforcement of any equitable right she may have to the deposit. The rendition of a judgment for the plaintiff would not be determinative of the defendant's liability to Mary Kavanagh. This being the situation, the court will of its own motion reverse the judgment *pro forma* and remand the case, so that Mary Kavanagh may be cited in under the provisions of V. S., 4089, and the matter be disposed of in this proceeding with all possible interests represented.

*Judgment reversed pro forma and cause remanded.*

Start, J., dissents.

Taft, J., absent in county court.